Case 0:24-cv-61926-RNS  Document 1-2  Entered on FLSD Docket 10/16/2024  Page 1 of 16

MG
1556
09- 2024
11:49 am

IN THE CIRCUIT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

Case No: 062024CA013389AXXXCE

THE REVEREND DR. TIMOTHY "CHAZ" STEVENS
Ordained Minister ESADoggy d/b/a Church of Satanology and Perpetual Soirée
Petitioner

vs.

THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA
Defendant
_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in this law-suit on Defendant:

    Broward County Public Schools
    c/o Dr. Howard Hepburn, Superintendent
    600 S.E. Third Avenue, Fort Lauderdale, FL 33301

DATED this _____ day of   SEP 19 2024

| | |
|---|---|
| | Brenda Foreman<br>CLERK OF THE CIRCUIT COURT |
| | By_____<br><br>As Deputy Clerk |

Brenda D. Foreman
**BRENDA D. FORMAN**

- 1 -

IMPORTANT

'A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff

/s/ Dr. Timothy 'Chaz' Stevens
Dr. Timothy 'Chaz' Stevens, Pro Se
980 N. Federal Highway, Suite 110
Boca Raton, FL 33432

**IN THE CIRCUIT OF THE SEVENTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR BROWARD COUNTY, FLORIDA**

Case No:

**THE REVEREND DR. TIMOTHY "CHAZ" STEVENS**
Ordained Minister ESADoggy d/b/a Church of Satanology and Perpetual Soirée
Petitioner

vs.

**THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA**
Defendant
_____/

**PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF FOR**

**VIOLATIONS OF THE FLORIDA RELIGIOUS FREEDOM RESTORATION**

**ACT (FRFRA), FLA. STAT. § 871.04, AND FIRST AMENDMENT RIGHTS**

COMES NOW, Petitioner, the REVEREND DR. TIMOTHY "CHAZ" STEVENS, pro

se, alleges and states as follows:

1.      Petitioner, the Reverend Dr. Timothy 'Chaz' Stevens, is an ordained Minister of the Church

of Satanology and Perpetual Soirée ("hereinafter "Stevens"), and a resident of Broward County,

Florida.

2.      This is a lawsuit for declaratory, injunctive, and compensatory relief against The School

Board of Broward County, Florida, a locally elected district school board.

3.      The Petitioner brings this action against the Defendant for violations of the Florida

Religious Freedom Restoration Act (FRFRA) Fla. Stat. § 761.01 et seq., Advertising; religious

discrimination; Fla. Stat. § 871.04, and the First Amendment of the United States Constitution, by

unlawfully discriminating against Petitioner's religious viewpoint and rejecting multiple requests to advertise at numerous Broward County public schools.

4.      Petitioner sought to exercise his religious freedom by purchasing advertising space at various Broward public schools, including Marjory Stoneman Douglas High School and Westglades Middle School, only to have these requests ignored or summarily denied, while advertising from another religious organizations, including Calvary Chapel, was permitted at these locations and throughout the district.

5.      This lawsuit is based on the clear pattern of viewpoint discrimination, as evidenced by the unequal treatment given to Petitioner in comparison to other religious organizations, and by the violation of Petitioner's rights to free exercise of religion and free speech.

## THE PARTIES

6.      Petitioner is an ordained minister engaging in religious activities. Petitioner's First Amendment and Church/State activities, spanning decades, are well documented in the national and international media.

7.      Petitioner has an established track record of requesting religious advertising on public grounds. In 2015, responding to the Petitioner's request for advertising space at Boca Raton High School, the Palm Beach School District banned all religious banners on campus.

8.      According to a 2015 Palm Beach Post article, "Leaders of Palm Beach County's public school system want to do away with religious banners on school campuses, seven months after a secular activist attempted to display a Satanic banner at Boca Raton High School."

9.      Responding to a June 2023 request for religious advertising, Karen Bevers, Director of Communication & Community Engagement Bremerton (WA) School District informed the Petitioner, "The Bremerton School District is currently examining its advertising procedures and

is not accepting new advertisements at this time pending that review. Once that has been completed, we will reach back out."

10.     The Bremerton School District did not 'reach back out' to the Petitioner.

11.     Petitioner later learned the Bremerton School District removed all banners from school grounds.

12.     Defendant is responsible for the governance of public schools in Broward County, Florida, including Marjory Stoneman Douglas, Westglades, Coral Springs High School, Pembroke Pines Charter High School, Cooper City High School, and Riverglades Elementary School.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction pursuant to Fla. Stat. § 761.03, which allows for legal action when a government entity substantially burdens a person's exercise of religion in violation of FRFRA.

14.     Venue is proper in Broward County, Florida, as the actions giving rise to this claim occurred within the county.

## FACTUAL ALLEGATIONS
### (Marjory Stoneman Douglas, Westglades Middle School
### and Riverglades Elementary School)

15.     On October 2, 2023, based on information and belief that religious banners were being displayed, Petitioner sought advertising space at the following locations – Marjory Stoneman Douglas (Principal Michelle Kefford), Westglades Middle School (Principal Matthew Bianchi), and Riverglades Elementary School (Principal JoAnne Seltzer).

16.     Neither the Defendant, nor the principals, responded to Petitioner's request for advertising.

17.     On December 4, 2023, local media outlet Parkland Talk was informed by Broward School Director of Mass Media and Community Relations, Keyla Concepción, "Based on the district's advertising policy, the banner [Calvary Chapel banner at Marjory Stoneman Douglas] has been removed."

18.     With the Calvary Chapel banner at Marjory Stoneman Douglas removed, other religious banners across the District, including Westglades, remained displayed, indicating inconsistent enforcement of policies based on religious affiliation.

19.     Public advertising of religious messages, including banners at public schools, is a form of religious expression protected under the First Amendment. Courts have recognized that religious speech and advertisements in public forums are essential tools for spreading religious messages and engaging in free speech. Religious organizations frequently use public forums, such as billboards, banners, and other forms of public advertising, to share their beliefs and reach a broader audience. By denying Petitioner the ability to participate in this public forum while allowing other religious organizations to advertise, Defendant has restricted freedom of Petitioner's religious exercise.

**(Pembroke Pines Charter High School and Cooper City High School)**

20.     On December 5, 2023, based on information and belief, existing religious banners were being displayed, and Petitioner sought advertising space from the following – Pembroke Pines Charter High School (Principal Peter Bayer) and Cooper City High School (Principal Vera Perkovic).

21.     Neither Defendant, nor the principals, responded to Petitioner's request for advertising.

**(Westglades Middle School)**

22.     In August 2024, Petitioner sought advertising space from Westglades Middle School.

23.     On September 11, 2024, Broward School Director of Mass Media and Community Relations Keyla Concepción indicated to Petitioner via email, "The banner at Westglades Middle School has been removed."

24.     The Petitioner's request for advertising at Westglades was denied.

25.     On September 14, 2024, Petitioner observed a religious banner at Coral Springs High School, further demonstrating the Defendant's selective and discriminatory enforcement of its policies.

26.     By allowing other religious organizations to display banners, Defendant created a public forum for religious expression. The exclusion of Petitioner's religious message from this public forum constitutes a substantial burden on Petitioner's ability to exercise his religion in a manner available to other religious groups.

## COUNT I: VIOLATION OF FLORIDA RELIGIOUS FREEDOM RESTORATION ACT (FRFRA)

27.     Petitioner re-alleges and incorporates by reference paragraphs 1 through 27 as is fully set forth herein.

28.     The denial of Petitioner's religious banner by Defendant constitutes a substantial burden on Petitioner's exercise of religion, as public advertising is a legitimate and recognized form of religious expression. By denying Petitioner the opportunity to display his religious message while allowing other religious organizations to display banners, Defendant has substantially limited Petitioner's ability to publicly express and practice his religious beliefs.

29.     FRFRA prohibits government actions that impose substantial burdens on the exercise of religion unless the government can demonstrate that the burden serves a compelling governmental

interest and is the least restrictive means of achieving that interest. The Defendant's refusal to allow Petitioner's religious banner fails to meet this standard.

30.     No compelling governmental interest exists to justify Defendant's exclusion of Petitioner's religious banner while allowing other religious organizations to advertise. Furthermore, even if such an interest were asserted, Defendant has not employed the least restrictive means, as other religious banners have been permitted in the same public forum.

31.     Under FRFRA (Fla. Stat. § 761.03), any government action that substantially burdens a person's exercise of religion must pass strict scrutiny. The government must demonstrate that the action is necessary to serve a compelling government interest and that it is the least restrictive means of achieving that interest. The government bears the burden of proving a compelling interest and that it used the least restrictive means to achieve that interest. The Defendant's actions failed both tests.

32.     Defendant's refusal to allow Petitioner to advertise his religious banner imposes a substantial burden on Petitioner's free exercise of religion. Under strict scrutiny, the Defendant must demonstrate that its decision serves a compelling governmental interest and uses the least restrictive means to achieve that interest. Defendant has failed to do so in this case, as it has allowed other religious advertisements while denying the Petitioner's request, without providing any compelling justification.

33.     The Defendant's refusal to allow Petitioner to display the religious banners substantially burdened Petitioner's religious exercise by preventing Petitioner from publicly sharing his religious viewpoint in a public forum that was accessible to other religious organizations. This selective enforcement without justification violates FRFRA.

34.     The Supreme Court's ruling in *Fulton v. City of Philadelphia, 141 S. Ct. 1868 (2021)* affirmed that religious entities must be treated equally in public contracting and services. The rejection of Petitioner's advertising request, while allowing others, demonstrates a failure to meet the strict scrutiny standard.

**COUNT II: VIOLATION OF FIRST AMENDMENT (VIEWPOINT DISCRIMINATION)**

35.     Petitioner re-alleges and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

36.     Plead in the alternative, and without waiving the foregoing, Defendant's actions constitute viewpoint discrimination, as Petitioner's banner was rejected based on its religious affiliation, while others were allowed.

37.     The exclusion of Petitioner's banner, while other religious banners were allowed, constitutes viewpoint discrimination. In ***Kennedy v. Bremerton School District, 142 S. Ct. 2407 (2022)***, the Court upheld the right of individuals to express religious beliefs in public spaces, reinforcing protections against viewpoint-based exclusions. Additionally, ***Shurtleff v. City of Boston, 142 S. Ct. 1583 (2022)*** established that the exclusion of religious viewpoints in public forums, such as school advertising, constitutes unconstitutional viewpoint discrimination.

38.     The exclusion of Petitioner's religious banner solely based on its viewpoint, while other religious viewpoints were permitted, constitutes impermissible viewpoint discrimination, which fails to meet the strict scrutiny standard under recent Supreme Court rulings. Once a public forum is opened to religious speech, all religious viewpoints must be treated equally.

39.     Public advertising of religious messages, such as banners displayed on public school grounds, constitutes religious expression and free speech protected under the First Amendment. The rejection of Petitioner's religious banner, while allowing banners from other religious

organizations, constitutes a clear act of viewpoint discrimination. Religious speech, including public advertisements, cannot be excluded solely based on its religious viewpoint without violating the First Amendment.

40.     Defendant's actions violate the First Amendment's protections of free speech and free exercise.

41.     Once Defendant permitted religious organizations like Calvary Church to display banners, it created a limited public forum. In such a forum, the government may not selectively exclude or restrict speech based on the religious viewpoint expressed. The exclusion of Petitioner's religious banner, while permitting others, violates Petitioner's right to free speech by engaging in unconstitutional viewpoint discrimination.

## COUNT III: VIOLATION OF FLA. STAT. § 871.04
## (RELIGIOUS DISCRIMINATION IN ADVERTISING)

42.     Petitioner re-alleges and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

43.     Plead in the alternative, and without waiving the foregoing, Fla. Stat. § 871.04 prohibits religious discrimination in public advertising by ensuring that all religious viewpoints are treated equally in public spaces, without favoritism or selective enforcement based on religious affiliation or content.

44.     Defendant's actions in selectively denying Petitioner's religious advertising requests, while permitting banners from other religious organizations, violate Fla. Stat. § 871.04, which prohibits any form of religious discrimination in public spaces where advertising is allowed. The Defendant's actions amount to the unequal treatment of religious viewpoints based solely on their content.

45.     Defendant, as the governing body responsible for the oversight and management of public schools in Broward County, created a public forum by allowing religious organizations to display banners at various schools, including Marjory Stoneman Douglas, Westglades, and Coral Springs High School.

46.     Petitioner, an ordained minister of the Church of Satanology and Perpetual Soirée, sought to advertise at Marjory Stoneman Douglas and Westglades in December 2023 and August 2024, promoting his religious viewpoint. Despite submitting formal requests, these requests were denied without explanation.

47.     At the same time, Defendant permitted advertisement from Calvary Chapel and other religious organizations to be displayed at these same schools and within the district. This pattern of selective approval demonstrates that the denial of Petitioner's banner was based on the religious content of the message, specifically, because it represented the Church of Satanology and Perpetual Soirée.

48.     Defendant's refusal to allow Petitioner's religious banner, while allowing banners from other religious organizations, constitutes clear religious discrimination in violation of Fla. Stat. § 871.04, which prohibits the selective exclusion of religious content from public advertising spaces.

49.     The unequal treatment of Petitioner's religious message, as compared to the messages from other religious organizations, resulted in a substantial burden on Petitioner's ability to exercise his religious freedom and publicly share his beliefs, in direct violation of this statute.

50.     Fla. Stat. § 871.04 prohibits religious discrimination in public advertising spaces, including advertising platforms in public schools. The advertising banners allowed at Marjory Stoneman Douglas, Westglades, and Coral Springs High School were public advertisements accessible to the general school community and other religious organizations.

51.     Defendant's refusal to allow Petitioner to display his religious banner constitutes religious discrimination in violation of Fla. Stat. § 871.04, as Defendant selectively allowed other religious organizations, such as Calvary Church, to advertise without extending the same opportunity to allege and states as follows.

52.     Fla. Stat. § 871.04 is designed to prevent this very type of discrimination by requiring equal access for all religious messages in public advertising spaces. By selectively rejecting Petitioner's banner based on religious content, the Defendant acted unlawfully under the statute.

53.     As a result of Defendant's discriminatory actions, Petitioner has suffered emotional, reputational, and financial harm. Petitioner was denied the opportunity to participate equally in public discourse, while other religious groups were permitted to promote their messages freely.

54.     Petitioner seeks declaratory and injunctive relief to prevent further religious discrimination in public advertising, as well as compensatory damages for the harm caused by Defendant's unlawful actions, in accordance with Fla. Stat. § 871.04.

**WHEREFORE**, Petitioner respectfully requests that this Court grant the following relief:

a.  Declaratory judgment that the Defendant's actions, including the denial of Petitioner's request to advertise religious banners, constitute violations of the Florida Religious Freedom Restoration Act, Fla. Stat. § 871.04, and the First Amendment of the United States Constitution.

b.  Injunctive Relief: Defendant will allow Petitioner to purchase banner space at Marjory Stoneman Douglas, Westglades, and any other public schools in Broward County, under the same terms as other religious organizations. Defendant will allow any future religious advertising requests.

- 10 -

c. Compensatory Damage: Petitioner respectfully requests that this Court award compensatory damages to redress the harm caused by Defendant's actions, including but not limited to the following.

d. Emotional Distress: Defendant's refusal to allow Petitioner to advertise religious banners, coupled with the delay and denial of requests, has caused Petitioner substantial emotional distress. Petitioner, as a religious leader, has suffered frustration, humiliation, and distress due to the unjust treatment and infringement on his religious freedom. The ongoing selective treatment exacerbates Petitioner's emotional harm, creating a sense of disenfranchisement and marginalization.

e. Petitioner's ability to publicly express and share his religious beliefs through the legitimate and lawful use of public advertising spaces has been unfairly denied by Defendant, while other religious groups were permitted to advertise freely. This denial of access to public advertising constitutes a significant harm to Petitioner's free exercise of religion and freedom of speech, causing emotional distress and reputational damage.

f. The Petitioner's emotional and reputational injuries are compounded by the unlawful exclusion from participating in a public forum that was available to other religious organizations. This exclusion not only caused emotional distress but also damaged Petitioner's reputation as a leader of the Church of Satanology, both locally, nationally, and internationally.

g. Violation of Constitutional Rights: Defendant's actions constitute a blatant violation of Petitioner's First Amendment rights, including freedom of speech and the free exercise of religion. The deprivation of these fundamental rights is, by its nature, injurious. Petitioner's

inability to express his religious beliefs freely in the same manner allowed to others has resulted in a deep sense of injustice and violation of his civil liberties.

h. Reputational Harm: As a public figure, an ordained minister, and an advocate for religious equality, Petitioner's reputation has been negatively impacted by Defendant's discriminatory actions. The denial of his requests, particularly in public spaces like schools, has harmed Petitioner's ability to practice and promote his religious views. The Defendant's favoritism toward other religious organizations has further injured Petitioner's standing in the community, both locally and nationally.

i. Economic Harm: Petitioner has incurred financial costs in pursuing advertising opportunities that were unjustly denied, along with costs associated with the prolonged legal battle necessitated by Defendant's actions. Furthermore, Petitioner's ability to engage in future religious advertising has been compromised, causing potential future financial loss.

j. The Defendant's selective enforcement of advertising policies based on religious affiliation is unlawful and has directly harmed Petitioner. As a result of this statutory violation, Petitioner is entitled to damages for the harm caused by Defendant's discriminatory actions, which include the financial and emotional impact of having his religious messages censored in public spaces.

k. Petitioner seeks compensatory damages in an amount to be determined at trial, sufficient to compensate for the emotional, reputational, constitutional, and financial harms suffered because of Defendant's discriminatory actions.

l. Attorneys' Fees and Costs pursuant to Fla. Stat. § 761.05 and relevant federal statutes.

m. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Petitioner demands a trial by jury on all issues so triable.


Respectfully submitted,

 /s/ Dr. Timothy 'Chaz' Stevens
Dr. Timothy 'Chaz' Stevens, Pro Se
980 N. Federal Highway, Suite 110
Boca Raton, FL 33432