IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61926-SCOLA

THE REVEREND DR. TIMOTHY "CHAZ"
STEVENS

    Petitioner,

v.

THE SCHOOL BOARD OF BROWARD COUNTY,
FLORIDA

    Respondent.
_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA, moves to dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Introduction

This lawsuit was removed to the United States District Court based upon federal question jurisdiction of Plaintiff's First Amendment claim. [ECF No. 1]. Plaintiff, as an individual, claims that the School Board is liable because he (and perhaps his church) is not permitted to place a banner on public school properties. [ECF No. 1-2] Compl. ¶¶ 4, 15-26. Plaintiff makes three claims: 1) The School Board violates the Religious Freedom Restoration Act (RFRA), under Florida Chapter 763.01; 2) the First Amendment of the United States Constitution; and, 3) a violation of religious advertising, under Florida Statute Section 871.04. Plaintiff does not identify or explain how he alone is entitled to sue as if he were a religious organization. *See generally* Compl. He claims he is an ordained minister of the "Church of Satanology and Perpetual Soirée." Compl. ¶ 1. He does not describe any doctrines of the Church of Satanology or how it would qualify for religious protection. As explained below, because the complaint does

not state the religious doctrines, traditions, or beliefs, the Court cannot determine if there is a religious discrimination claim in violation of any Florida statutes or the United States Constitution.

## STANDARD OF REVIEW

A well-pleaded complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Legal conclusions, under this standard, "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Lastly, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678. (internal quotation marks omitted).

I. **Plaintiff fails to state a claim under the Religious Freedom Restoration Act because Plaintiff failed to allege his claim is based upon religious doctrine, traditions, or customs, and the statute does not provide a remedy for damages or attorney fees. (Count I).**

Plaintiff alleges a cause of action under Florida Statute Section 761.03. Plaintiff is asking for a judicial remedy to permit the Church of Satanology to advertise banners on various school fences. Compl. ¶ 33. Plaintiff claims only that Satanology should be treated the same as other religions. He wants to be able to advertise; not preclude advertising for all *religious* organizations. *See generally* Compl. Count 1.

  A. *Plaintiff does not sufficiently allege his desire to advertise is protected by the RFRA*.

The Florida RFRA provides in pertinent part:

The government shall not substantially burden a person's exercise of religion, even if the burden results from a rule of general applicability, except that government may substantially

2

burden a person's exercise of religion only if it demonstrates that application of the burden to the person:

    (a) Is in furtherance of a compelling governmental interest; and

    (b) Is the least restrictive means of furthering that compelling governmental interest.

Fla. Stat. § 761.03(1).

Under the terms of the statute, a plaintiff has the burden of showing that: 1) he or she has engaged in the exercise of religion; and 2) that the government has substantially burdened this religious exercise. *Warner v. City of Boca Raton*, 64 F. Supp. 2d 1272, 1281 (S.D. Fla. 1999), aff'd, 420 F.3d 1308 (11th Cir. 2005). As discussed below, Plaintiff has not demonstrated he has engaged in the exercise of religion. If that element has not been established, then the Court cannot analyze whether the government has substantially burdened this religious exercise. *See id.*

"A review of the statute's history, its plain language and the application of ordinary rules of statutory construction reveal that the Florida legislature intended to limit the statute's coverage to conduct that, while not necessarily compulsory or central to a larger system of religious beliefs, nevertheless reflects some tenet, practice or custom of a larger system of religious beliefs. *Conduct that amounts to a matter of purely personal preference regarding religious exercise* does not fall within the ambit of the Florida RFRA." *Id.* (emphasis added). This is where Plaintiff's complaint falls short.

Plaintiff expects too much from the RFRA. Plaintiff cannot invoke the term, "church" and activate the protections of the RFRA. *See id.* His personal preference to advertise the Church of Satanology does not fall under the protection of the RFRA. *See id.* Relying only on the complaint, the Court can only make assumptions, about what are Plaintiff's church's principles,

3

and how denial of the advertising of a banner has a sufficient relationship to the larger system of religious beliefs. *See id.*

The Court should not make these assumptions, and perhaps the Plaintiff would not want the court to make assumptions about Satanology. The "court's inquiry is extremely limited and purely factual: Does the practice in question reflect some tenet, custom or practice of a larger system of religious beliefs? Accordingly, the risk of courts taking sides in religious controversies is minimized." *Id* at 1284. "Similarly, a court's inquiry under the Florida RFRA is limited to whether a particular practice has some basis in the doctrines, traditions or customs of a religious tradition." *Id.* Based upon this complaint, the Court has no idea whether the desire to post a Satanology banner is based upon doctrines or religious tradition or whether the proposed advertisement has some basis in the *Satan* doctrines, traditions, or customs of a religious tradition. *See id.*

In *Warner*, the court offered an even deeper analysis based upon expert testimony, but at this procedural point, Plaintiff has not introduced his Church, including its doctrines, by way of the complaint, in a meaningful way.

> In particular, a court should consider whether the practice: 1) is asserted or implied in relatively unambiguous terms by an *authoritative sacred text*; 2) is clearly and consistently affirmed in *classic formulations of doctrine and practice*; 3) has been *observed continuously, or nearly so, throughout the history* of the tradition; and 4) is *consistently observed in the tradition* as we meet it in recent times. If a practice meets all four of these criteria, it can be considered central to the religious tradition. If the practice meets one or more of these criteria, it can be considered a tenet, custom or practice of the religious tradition. If the practice meets none of these criteria, it can be considered a matter of purely personal preference regarding religious exercise.

*See id.* at 1285 (emphasis added).

Plaintiff has not alleged any text, doctrine, or practice traditionally observed until recent times, in order to meet the standard of the RFRA. *See id.* Plaintiff wants to purchase fence space

at various local schools to tie a banner about Satanology to it. *See* Compl. ¶ 4. But Plaintiff's complaint does not connect the religious doctrines of Satanology to placing banners on public school properties. Under this statute therefore, he is not entitled to relief. All the Court can conclude is that the Church of Satanology is being used as a personal vehicle for Plaintiff's unstated viewpoint.

### B. Under the RFRA Plaintiff is not entitled to compensatory damages or legal fees.

Plaintiff, at the end of the complaint, lists his requests for relief. Among other relief, he seeks compensatory damages under Florida's Religious Freedom Restoration Act. The Act does not provide for compensatory relief. *Youngblood v. Florida,* 3:01-CV-1449-J-16MCR, 2005 WL 8159645, at *7 (M.D. Fla. Mar. 17, 2005).

The statute does provide for attorney's fees, but plaintiff is not an attorney. Because Plaintiff is not an attorney, he is not entitled to legal fees. *Pro se* litigants are not entitled to recover attorney's fees for legal work they did themselves. *See Cofield v. City of Atlanta*, 648 F.2d 986, 987 (5th Cir. 1981) ("the intent of Congress in enacting section 1988 would be seriously undermined if we allowed pro se litigants to recover legal fees under that section."). *See also Kay v. Ehrler*, 499 U.S. 432, 437-38 (1991) (even an attorney who represents himself is not entitled to attorney fees.). The claim for legal fees should therefore be stricken. *See id.*

## II. Plaintiff's First Amendment claim must be dismissed because it does not use the proper procedural vehicle and does not otherwise state a constitutional claim. (Count II).

*First,* Plaintiff is attempting to remedy a perceived violation of his First Amendment rights with a standalone claim. The First Amendment does not provide a remedy to Plaintiff. *See* U.S. Const. amend I. Plaintiff does not allege the elements of the proper procedural statute to remedy a constitutional claim. *See Hamman v. Univ. of Cent. Florida Bd. of Trustees*, 6:23-CV-

395-CEM-RMN, 2024 WL 3912913, at *6 (M.D. Fla. Aug. 23, 2024) (citing U.S. Const. amend I and *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012))); *S&M Brands, Inc. v. Georgia ex rel. Carr*, 925 F.3d 1198, 1204 n. 5 (11th Cir. 2019). *See also* 42 U.S.C. §1983.

*Secondly,* Plaintiff is claiming his church's banner should be permitted to be posted on school property. Compl. ¶ 37. He does not claim what his banner advertises. There could be other reasons outside of "viewpoint" that prohibits a banner. Additionally, the School Board must be concerned about whether the Church of Satanology promotes values consistent with public school values. This is important because banners can be interpreted as government speech. *Mech v. School Board of Palm Beach County, Fla.,* 806 F.3d 1070, 1074-76 (11th Cir. 2015). This is difficult to evaluate when the banner itself is not presented in the complaint and whether he complied with other requirements of the School Board regarding advertising.

> When the government exercises "the right to 'speak for itself,' " it can freely "select the views that it wants to express." *Id.* at 467–68, 129 S.Ct. at 1131 (quoting *Bd. of Regents of Univ. of Wis. Sys. v. Southworth*, 529 U.S. 217, 229, 120 S.Ct. 1346, 1354, 146 L.Ed.2d 193 (2000)). This freedom includes "choosing not to speak" and "speaking through the ... removal" of speech that the government disapproves. *Downs v. L.A. Unified Sch. Dist.,* 228 F.3d 1003, 1012 (9th Cir.2000) (citing *Ark. Educ. Television Comm'n v. Forbes,* 523 U.S. 666, 674, 118 S.Ct. 1633, 1639, 140 L.Ed.2d 875 (1998)).

*Id.*

Government speech is regulated primarily by the political process. *Id.* (citation omitted). As the complaint stands, it remains unclear about what Plaintiff wants to advertise. It also fails to answer the question: Is Satanology appropriate for the School Board's seal of approval?

**III.     Plaintiff fails to state a claim under Florida Statute Section 871.04 (religious discrimination in advertising) because he does not allege a violation of the statute. (Count III).**

There are no cases analyzing Florida Statute Section 871.04. The plain language of the statute, however, offers sufficient guidance to the Court to dismiss this cause of action.

Florida Statute Section 871.04 states:

> (2)   No person, directly or indirectly, for herself or himself or for another, *shall* publish, post, broadcast by any means, maintain, circularize, issue, display, transmit, or otherwise disseminate or place in any manner *before the public with reference to an establishment* any advertisement that the patronage of any *person is not welcome*, or is objectionable, or is not acceptable *because of the person's religion*. No person shall cause or solicit another person to violate this section. (emphasis added).

The language of this statute prohibits publication in a public setting, an advertisement that a person is not allowed in the public establishment based upon a religious belief. In this case, Plaintiff did not allege that a banner or sign was published that stated he was not welcome because he is a member of a certain religion -- in this case, Satanlogy. Because Plaintiff does not allege facts that violate the plain language of this statute, the cause of action in Count III must be dismissed. *See* §871.04(1), Fla. Stat. (2024).

## CONCLUSION

This Court should dismiss this complaint for failing to state a cause of action upon which relief can be granted.

                                              Respectfully submitted,

                                              ___/s/__Robert Buschel_____
                                              Robert C. Buschel
                                              Florida Bar No. 0063436

                                              BUSCHEL GIBBONS, P.A.
                                              501 East Las Olas Boulevard
                                              Third Floor
                                              Fort Lauderdale, FL 33301
                                              Tele:   (954) 530-5748 (direct)
                                              Email: Buschel@BGlaw-pa.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to the Parties and all interested parties receiving notices via CM/ECF.

                                              BUSCHEL GIBBONS, P.A.

                                              By: /s/ Robert C. Buschel
                                                      Robert C. Buschel, Esq.

Dr. Timothy 'Chaz' Stevens
980 N. Federal Highway, Suite 110
Boca Raton, FL 33432