UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61926-Civ-Scola

THE REVEREND DR. TIMOTHY
"CHAZ" STEVENS,

    Plaintiff,

v.

THE SCHOOL BOARD OF BROWARD
COUNTY, FLORIDA,

    Defendant.

_____/

## ORDER SETTING DISCOVERY PROCEDURES

**THIS CAUSE** is before the Court following the referral of this action to the undersigned Magistrate Judge for all discovery matters. The court may impose appropriate sanctions upon a finding of failure to comply with this Order or of other discovery misconduct.

To facilitate the speedy and inexpensive resolution of this action pursuant to Federal Rule of Civil Procedure 1, it is hereby **ORDERED and ADJUDGED** that the following discovery procedures will apply:

### MEET AND CONFER

Before requesting a discovery hearing, the parties must first confer in a good-faith effort to resolve the dispute in compliance with Local Rule 7.1(a)(3). Under this Local Rule, counsel must certify that they made good-faith efforts to confer. An adequate certificate of conferral requires at least one personal communication (in

person, by videoconference, or by telephone), if not more, between counsel. The Court cautions counsel that sending an email demanding a response or position on the same day is insufficient to satisfy the conferral obligations under this Local Rule. The Court expects all parties to engage in reasonable compromise to facilitate the resolution of discovery disputes. As part of their conferral, the parties should specifically discuss each discovery request and objection at issue before seeking Court intervention. If counsel refuses to confer, then the party seeking the hearing shall state so and outline the efforts made to confer with opposing counsel in the Motion for Discovery Hearing, which is explained in paragraph three below.

## DISCOVERY HEARING PROCEDURES

**1.** **Timing:** Parties must timely raise discovery disputes as required by Local Rule 26.1(g)(2). The Court strictly enforces the Local Rule and interprets the 28-day window as the time during which the parties must make good-faith resolution efforts, subject to the seven-day extension permitted by the Local Rule. Thus, the parties must seek relief within the period prescribed in Local Rule 26.1(g)(2) by filing a joint motion for discovery hearing, as explained in paragraph three below. The parties should take note that the Court strictly enforces Local Rule 26.1(d), which requires that all discovery, including resolution of discovery disputes, be fully completed prior to the expiration of the discovery cutoff.

**2.      No Discovery Motions:** Except as authorized by the Court, the parties shall not raise any discovery disputes by filing written discovery motions.[1] The Court will strike any motions filed in contravention of these procedures.

**3.      Scheduling a Discovery Hearing:** If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, the parties must file a joint motion for a discovery hearing (the "Joint Motion") setting forth the nature of the dispute in five (5) double-spaced pages or less. The Joint Motion shall include the best supporting legal authority and a Certificate of Conferral that complies with Local Rule 7.1(a)(3). A Joint Motion that relates to a non-party must be served on the non-party.

Upon review of the Joint Motion, the Court will set the matter for hearing. The discovery dispute shall be heard within fourteen (14) days from the filing of the Joint Motion. Discovery hearings take place every Wednesday, unless otherwise scheduled by the Court. The Joint Motion must include whether the attorneys who will be arguing are local (i.e., located in South Florida) or not local (i.e., located in other parts of Florida or out-of-state). The Court permits discovery hearings to be held via Zoom where at least one attorney arguing the Joint Motion is not local. In cases where the attorneys are local, the Court typically requires in-person attendance at the hearing.[2] The Court does not permit hybrid hearings.

---

[1]      The restriction on filing discovery motions does not apply to joint motions for discovery hearing, motions to stay discovery, or to motions seeking to modify any discovery deadlines. The parties shall file joint motions for discovery hearing in accordance with paragraph three of this Order.

[2]      The Court may make an exception to this Order after the successful filing of a motion requesting an atypical arrangement.

**A.     Attachments to Joint Motion.** Attached to the Joint Motion, the parties shall provide the Court with the following:

Exhibit A: A short, proposed order by each party on the issues raised in the Joint Motion, setting forth the specific relief requested. The proposed order(s) shall not contain any legal argument. Immediately after the parties file the proposed order(s), the parties shall email a Word version to Lett@flsd.uscourts.gov.

Exhibit B: A copy of all source materials relevant to the discovery dispute. For example, if the dispute involves answers to interrogatories, the moving party shall provide the interrogatories and answers to interrogatories. A description of the relevant materials should be provided to the Court in accordance with Section 3L(2) of the Court's CM/ECF procedures.

**B.     Privilege Disputes.** With respect to issues involving privilege disputes, the party with the burden of persuasion on a privilege claim has the obligation to present to the Court sworn evidence *if necessary* to satisfy that burden. To that end, if a discovery dispute involves a claim of privilege, any necessary sworn evidence supporting the claim of privilege shall be filed with the Joint Motion as Exhibit C. The Court may deem the failure to timely present such sworn evidence as a waiver of the privilege, absent a showing of good cause.

**C.     Motion for Entry.** Following the hearing, a "motion for entry" of an amended proposed order (that reflects the Court's rulings during the hearing) will be filed on the docket no later than two (2) business days thereafter.

4. **Resolution of Discovery Dispute:** The parties are encouraged to continue to pursue resolution of any disputed discovery matters even after a hearing is scheduled. If the parties resolve all the disputed discovery issues, the parties shall notify chambers at Lett@flsd.uscourts.gov as soon as practicable and the discovery hearing will be cancelled. If the parties resolve some, but not all, of the disputed discovery issues, the parties shall notify chambers as soon as practicable via email of the specific discovery issues that no longer require Court action.

5. **Agreed Orders:** When the parties have stipulated to the entry of an agreed-upon discovery order, such as a standard confidentiality-type of protective order, the parties shall file a joint motion for entry of the stipulated order and attach a copy of the proposed stipulated order as Exhibit A. Immediately after the parties file the motion, the parties shall email a Word version of the proposed stipulated order to Lett@flsd.uscourts.gov. The Court does not enter agreed orders extending the due date for discovery responses, nor does the Court enter orders memorializing discovery agreements between the parties on issues that were not argued to the Court during a hearing.

6. **Sanctions:** The Court may impose sanctions, monetary or any other type, if it determines discovery is being improperly sought or is being withheld in bad faith or without substantial justification. *See* Fed. R. Civ. P. 37.

7. **Encouraging Participation by Less-Experienced Lawyers:** Ordinarily, only one lawyer for each party may argue at the discovery hearing. However, the Court has a strong commitment to supporting the development of our

next generation of lawyers. The Court encourages parties and senior attorneys to allow less-experienced practitioners the opportunity to argue in court. If a lawyer of five (5) or fewer years of experience will be arguing the matter, a party should advise the Court prior to the beginning of the hearing. In that event, the Court will allow multiple lawyers to argue on behalf of that party.

## GENERAL DISCOVERY PRINCIPLES

The Court strictly enforces the guidelines on discovery objections set forth below, together with the provisions of the Federal Rules of Civil Procedure addressing discovery matters (Rules 26 through 37), and Local Rule 26.1:

**Relevance and Proportionality:** Rule 26(b)(1), as amended on December 1, 2015, defines the scope of permissible discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). An objection based on relevance or proportionality ***must*** include a specific explanation describing why the requested discovery is not relevant and/or why the requested discovery is disproportionate in light of the factors listed in Rule 26(b)(1).

**"Vague, Overly Broad, and Unduly Burdensome":** Parties shall not make conclusory, boilerplate objections. Blanket, unsupported objections that a discovery

request is "vague, overly broad, and unduly burdensome" are, by themselves, meaningless, and the Court will disregard them. A party objecting on these bases must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."). If a party believes that a request is vague, the party shall attempt to obtain clarification prior to objecting on this ground. Sworn testimony or evidence may be necessary to show that a particular request is, in fact, burdensome. If the Court will hear argument on this objection during the hearing, counsel must be prepared to address why the production would be burdensome with specificity.

**Objections Based on Scope:** If there is an objection based on an overly broad scope, such as timeframe or geographic location, discovery should be provided as to those matters within the scope that are not disputed. For example, if discovery is sought nationwide for a ten-year period and the responding party objects on the grounds that appropriate discovery encompasses only activities in Florida over a five-year period, the responding party shall provide responsive discovery falling within the five-year period of activity in Florida.

**Formulaic Objections Followed by an Answer:** Parties should avoid reciting formulaic or "general objections" followed by an answer to the request with

7

nothing more. Such a practice leaves the requesting party uncertain as to whether the question has been fully answered or only a portion of it has been answered. Rule 34(b)(2)(C) specifically requires an objection to state whether any responsive materials are being withheld. As a result, counsel shall include in the answer a clear statement that all responsive documents or information identified have, in fact, been produced or provided or otherwise describe the category of documents or information that has been withheld based on the objection.

**Objections Based on Privilege:** Generalized objections asserting attorney-client privilege or work-product doctrine do not comply with Local Rule 26.1(e)(2)(B), which requires that objections based upon privilege identify the specific nature of the privilege being asserted, the nature and general subject matter of the communication at issue, the sender and receiver of the communication, and their relationship to each other, among other requirements. A privilege log must be provided with document production, unless a future date is agreed upon by the parties. If a privilege log is not provided with document production, the objection of privilege may be deemed waived. Further, the production of nonprivileged materials should not be delayed while a party is preparing a privilege log. Note that the party with the burden of persuasion on a privilege claim has the obligation to present to the Court sworn evidence, if necessary, to satisfy that burden. To that end, if a discovery dispute involves a claim of privilege, **any necessary sworn evidence supporting the claim of privilege shall be filed with the Joint Motion as Exhibit C.** The Court may deem the

failure to timely present such sworn evidence as a waiver of the privilege, absent a showing of good cause.

**Objections to Scope of Rule 30(b)(6) Notices for Depositions:** Corporations are not entitled to review of anticipatory relevance objections prior to the taking of a corporate representative's deposition.  Objections to the scope of a deposition notice shall be timely served (not filed) in advance of the deposition. Accordingly, the Court will adjudicate any objections to the scope of a Rule 30(b)(6) deposition only after the completion of the deposition.

**DONE and ORDERED** in Chambers in Miami, Florida on this 22nd day of October, 2024.

_____
**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record