United States District Court
for the
Southern District of Florida

FILED BY _____ D.C.
OCT 31 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

The Reverend Dr. Timothy "Chaz" Stevens,     )
Plaintiff, Pro Se                             )
                                              )
v.                                            )
                                              )  Civil Action No. 24-61926-Civ-Scola
                                              )
The School Board of Broward County, Florida,  )
Defendant                                     )

# AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATIONS OF RFRA, FLORIDA STATUTE § 871.04, AND FIRST AMENDMENT RIGHTS

Plaintiff, The Reverend Dr. Timothy "Chaz" Stevens, brings this action to safeguard the constitutional rights of minority religious voices within public forums. As an ordained minister and internationally known advocate for religious equality, Plaintiff asserts that his right to publicly display a religious banner promoting secularism and the First Amendment has been unfairly restricted by the School Board of Broward County. Plaintiff seeks declaratory and injunctive relief under the Florida Religious Freedom Restoration Act (FRFRA), the First Amendment, and Florida Statute § 871.04, to ensure equal treatment and prevent unconstitutional viewpoint discrimination against minority religious expressions.

COMES NOW, Plaintiff, The Reverend Dr. Timothy "Chaz" Stevens, Pro Se, and alleges the following:

## I. INTRODUCTION

- 1 -

1. Plaintiff, The Reverend Dr. Timothy "Chaz" Stevens, is an ordained minister of The Church of Satanology and Perpetual Soirée, residing in Broward County, Florida.

2. Plaintiff brings this action for violations of his rights under the Florida Religious Freedom Restoration Act (FRFRA), the First Amendment of the United States Constitution, and Florida Statute Section 871.04 by Defendant, the School Board of Broward County, Florida.

3. Plaintiff requested to display a 'Satan Loves the First Amendment' banner at Parkland, Florida's Marjory Stoneman Douglas High School, which Defendant denied, allowing other religious banners instead and thereby engaging in viewpoint discrimination.



4. Plaintiff's request to display a similar banner at Parkland, Florida's West Glades Middle School was denied, while Defendant allowed other religious banners, therefore engaging in viewpoint discrimination.

5. Plaintiff seeks declaratory, injunctive, and equitable relief to ensure equal access to public forums created by Defendant.

## II. PARTIES

6. Plaintiff is an ordained minister and the founder of The Church of Satanology and Perpetual Soirée, hereinafter 'The Church,' whose doctrines promote religious plurality, secularism, and the separation of church and state through public expressions of minority religious viewpoints.

7. The Church holds that all religious beliefs, both theist and non-theist, particularly those of minority faiths, deserve equal representation in public spaces. Its teachings mandate that members engage in public forums to promote the constitutional principles of the First Amendment, viewing public displays—such as banners—as vital expressions of its religious philosophy. For adherents, displaying banners with messages advocating for religious freedom and First Amendment principles is a form of sacred observance, deeply and doctrinally rooted in The Church's belief that such advocacy is a moral and spiritual obligation. The phrase 'Satan Loves the First Amendment,' specifically, embodies The Church's commitment to protecting religious plurality and amplifying minority voices. Within Church practices, public displays are regarded as 'high altars of advocacy,' symbolizing the religious duty to challenge religious favoritism in public institutions and uphold a doctrinal dedication to secular values and equal representation. The Church believes that such symbolic acts in prominent public spaces are essential to fulfilling its religious mission.

8. Widely recognized in public records, including Wikipedia, The Church's doctrines emphasize the necessity of public displays as a form of religious practice, aimed at challenging religious favoritism and promoting free speech for minority viewpoints. *See Chaz Stevens*, https://en.wikipedia.org/wiki/Chaz_Stevens (last visited Oct. 26, 2024).

9. In 2015, Plaintiff's request to display a Satanic banner at Boca Raton High School prompted the Palm Beach School District to remove all religious banners, underscoring the impact of The Church's activism on religious equality policy.

10. In 2022, Plaintiff requested to advertise a Satanology banner at Bremerton High School in Bremerton, Washington. In response to this request, the local school district opted to ban all advertising on campus, once again underscoring The Church's outreach for equal billing.

11. Defendant, the School Board of Broward County, Florida, establishes policies governing public school property use and advertising approvals.

## III. JURISDICTION AND VENUE

12. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 as this case involves federal questions under the First Amendment and 42 U.S.C. § 1983, with supplemental jurisdiction for state law claims under 28 U.S.C. § 1367.

13. Venue is appropriate in the Southern District of Florida under 28 U.S.C. § 1391 because Defendant operates in this district, and the events giving rise to this action occurred in Broward County, Florida.

## IV. FACTUAL BACKGROUND

14. **Plaintiff's Request to Display Banner:** On October 2, 2023, Plaintiff submitted an email request to the principal of Parkland, Florida's Marjory Stoneman Douglas High School to display the 'Satan Loves the First Amendment' banner.

15. **Defendant's Denial of Plaintiff's Requests:** On October 10, 2023, Defendant, through its representatives, denied Plaintiff's request for the Marjory Stoneman Douglas banner without providing substantive justification. The rejection did not reference specific policy provisions, nor did it explain why similar banners from other religious organizations were permitted. Additionally, the Calvary Church banner was removed.



16. On October 5, 2023, Plaintiff made a similar request to West Glades Middle School. On September 11, 2024, the Plaintiff's request was denied, and the Calvary Church banner was removed.



17. **Defendant's Allowance of Other Religious Banners:** Despite denying Plaintiff's request, Defendant allowed banners from religious organizations such as Calvary Chapel and Potter's House to be displayed at West Glades Middle School and Coral Springs High School between December 2023 and September 2024. These banners carried religious messages and were permitted without issue.



18. The district's policy prohibits using school facilities to promote religious, commercial, or political interests without board approval and requires that signage not be 'sectarian in nature.'

> "facilities owned or leased by the School Board shall not be used for advertising or otherwise promoting the interests of any commercial, religious, political or other non-district agency or organization except as permitted through Board approved agreements, School Board policies or State Statutes."

19. This selective application of the policy underscores viewpoint discrimination, as Defendant selectively permits signage from certain religious organizations while excluding Plaintiff's message, even though Plaintiff's banner aligns with principles of religious freedom and equality. This action contradicts the policy's restriction and further emphasizes Defendant's inconsistent enforcement.

20. Defendant's denial imposed a *substantial burden* on Plaintiff's religious exercise, preventing the expression of religious beliefs in a manner available to other religious groups.

21. Defendant's refusal restricted religious expression and signaled Plaintiff's beliefs lack equal respect in the public forum, leading to community backlash and harming his international reputation as a religious advocate. Supporters of The Church have expressed frustration and marginalization, highlighting the need for injunctive relief to prevent further harm and secure the right to equal access.

## V. CAUSES OF ACTION

*COUNT I: VIOLATION OF THE FLORIDA RELIGIOUS FREEDOM RESTORATION ACT (FRFRA)*

22. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

23. Under FRFRA, no government entity may substantially burden a person's exercise of religion unless it serves a compelling governmental interest in the least restrictive way possible. Fla. Stat. § 761.03.

24. Plaintiff's doctrines explicitly mandate public displays as an integral part of their religious exercise to advocate for equal representation and religious freedom, values protected by the First Amendment. Denying this religious practice imposes a *substantial burden* on Plaintiff's ability to exercise his faith.

25. Denial of Plaintiff's request has substantially burdened his religious practice. The Supreme Court has held that RFRA requires strict scrutiny where government action burdens

religious exercise (*Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014); *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006)).

26. Defendant's rejection of Plaintiff's request, while allowing similar displays from other religious organizations, fails to meet the strict scrutiny required by FRFRA, as it serves no compelling interest and lacks uniform application. Defendant's policy lacks any compelling rationale to justify this disparity in treatment.

27. The defendant's actions fail strict scrutiny because they do not serve a compelling governmental interest and are not the least restrictive means. Allowing other religious banners while denying the plaintiff's shows selective enforcement without a compelling reason, violating FRFRA and the First Amendment's requirements for neutrality.

28. The defendant lacks a compelling interest because preventing the plaintiff's religious expression does not address any substantial harm or disruption. Additionally, denying his banner is not the least restrictive means; allowing all religious banners equally would achieve neutrality without infringing on religious freedoms.

29. Plaintiff's history of similar requests from other school districts, and similar results of viewpoint discrimination, underscores the religious significance of his expression. Courts have recognized RFRA's protections extend to minority or unconventional beliefs (*Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993)).

30. WHEREFORE, Plaintiff seeks a declaratory judgment that Defendant's actions violate FRFRA, injunctive relief to allow display of his religious banner, and costs.

COUNT II: *VIOLATION OF THE FIRST AMENDMENT - VIEWPOINT DISCRIMINATION (BROUGHT UNDER 42 U.S.C. § 1983)*

31. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

32. Defendant created a limited public forum by allowing religious advertising from other organizations. In such forums, the government may not engage in viewpoint discrimination by selectively allowing certain religious expressions while excluding others (*Good News Club v. Milford Central Sch.*, 533 U.S. 98 (2001); *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819 (1995)).

33. Plaintiff's message is nonsectarian and doctrinally essential to The Church's mission, contrasting Defendant's selective endorsement of other religious messages.

34. By denying Plaintiff's banner, Defendant engaged in unconstitutional viewpoint discrimination. Plaintiff's banner expressed his beliefs through a non-inflammatory message about religious freedom and the First Amendment, as protected under the First Amendment.

35. Defendant's decision does not meet the high burden of proof required to exclude Plaintiff's viewpoint, as established by the Supreme Court in *Shurtleff v. City of Boston*, 142 S. Ct. 1583 (2022). Selectively allowing religious messages from organizations such as Potter's House while denying Plaintiff's message constitutes a violation of viewpoint neutrality.

36. The defendant's actions fail strict scrutiny because they do not serve a compelling governmental interest and are not the least restrictive means. Allowing other religious banners while denying the plaintiff's shows selective enforcement without a compelling reason, violating FRFRA and the First Amendment's requirements for neutrality.

37. The defendant lacks a compelling interest because preventing the plaintiff's religious expression does not address any substantial harm or disruption. Additionally, denying his

banner is not the least restrictive means; allowing all religious banners equally would achieve neutrality without infringing on religious freedoms.

38. The banner denial also contradicts principles of government neutrality in religion, as Defendant selectively permitted displays favoring certain religious viewpoints while excluding Plaintiff's, without evidence of disruption or other compelling concerns.

39. The denial of Plaintiff's banner exacerbates harm beyond the immediate restriction, as it sends a message to the community that Plaintiff's religious views are not worthy of public expression. This selective suppression limits Plaintiff's ability to fully participate in public dialogue, a critical component of his religious practice under The Church's doctrines.

40. WHEREFORE, Plaintiff seeks a declaratory judgment that Defendant's actions violate the First Amendment, injunctive relief to allow display of his religious banner, and costs.

## COUNT III: VIOLATION OF FLORIDA STATUTE § 871.04 (DISCRIMINATION IN PUBLIC ACCOMMODATIONS)

41. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

42. Florida Statute § 871.04 prohibits discrimination in public accommodations based on religion, including selective exclusion based on religious affiliation or beliefs.

43. By allowing banners from other religious organizations while denying Plaintiff's banner, Defendant engaged in discriminatory treatment, implying that Plaintiff's religious beliefs are objectionable or unwelcome on public property.

44. Defendant's actions communicate an implicit endorsement of certain religious views while rejecting others, violating § 871.04's mandate of equal religious treatment in public spaces.

45. WHEREFORE, Plaintiff seeks a declaratory judgment that Defendant's actions violate Florida Statute § 871.04, injunctive relief to permit equal access to display his banner, and costs.

## VI. RELIEF REQUESTED

46. Plaintiff respectfully requests that the Court grant the following relief:

47. **Declaratory Judgment**: Declare that Defendant's denial of Plaintiff's request to display his religious banner constitutes violations of FRFRA, the First Amendment, and Florida Statute § 871.04.

48. Defendant's actions harm Plaintiff's reputation as an internationally known advocate for religious equality. By selectively restricting Plaintiff's religious expression, Defendant has impaired Plaintiff's standing in the community and hindered his ability to publicly engage on matters of religious freedom.

49. **Injunctive Relief**: Order Defendant to allow Plaintiff to display his religious banner at Broward County public schools on the same terms as other religious organizations.

50. **Alternative Injunctive Relief**: In the alternative, order Defendant to remove all religious banners and displays from school properties district-wide to ensure compliance with First Amendment requirements for neutrality and to prevent viewpoint discrimination.

51. The alternative relief remedies the violations by requiring the removal of all religious banners, ensuring the defendant treats all religious expressions equally, thereby preventing viewpoint discrimination and complying with the First Amendment, FRFRA, and Florida Statute § 871.04's mandates for neutrality and equal treatment.

52. **Costs**: Award Plaintiff allowable court costs in accordance with applicable law.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 28, 2024                               Respectfully submitted,

/s/ The Reverend Dr. Timothy "Chaz" Stevens

Dr. Timothy "Chaz" Stevens
Pro Se Plaintiff
980 N. Federal Highway, Suite 110
First Floor
Boca Raton, FL 33432
Telephone: (954) 901-0971
Email: chaz@zproductions.com

### Certificate of Service

I hereby certify that on October 28, 2024, I served a true and correct copy of the foregoing Amended Complaint For Declaratory And Injunctive Relief For Violations Of RFRA, Florida Statute § 871.04, And First Amendment Rights on all counsel of record via email.

Dated: October 28, 2024                               Respectfully submitted,

/s/ The Reverend Dr. Timothy "Chaz" Stevens
Reverend Dr. Timothy "Chaz" Stevens

Defendant
Robert C. Buschel
Florida Bar No. 0063436
BUSCHEL GIBBONS, P.A.
501 East Las Olas Boulevard Third Floor
Fort Lauderdale, FL 33301
Tele:      (954) 530-5748 (direct)
Email: Buschel@BGlaw-pa.com

# Appendix

**BROWARD** County Public Schools
Established 1915

**DR. ANGELA R. FULTON**
**DEPUTY SUPERINTENDENT, TEACHING & LEARNING**

PHONE: 754-321-2100   FAX: 754-321-2701   EMAIL: afulton@browardschools.com

September 17, 2024          SIGNATURES ON FILE

TO:       All School Principals

FROM:   John Sullivan
         Chief Communications and Legislative Affairs Officer


ACTION REQUIRED

VIA:      Dr. Angela R. Fulton
         Deputy Superintendent, Teaching & Learning

SUBJECT: **ADVERTISING POLICY 6300: BANNERS AND SIGNAGE**

**ACTION:** Effective immediately, schools and departments are permitted to recognize businesses and community organizations providing support or financial assistance for academic or enrichment programs through the display of banners or signage.

**Please Note:**

- All banners must adhere to the current Advertising Board Policy 6300. The policy will be updated later this year and implemented for the next school year.

- If you receive a request for a banner or signage with religious or political content, please submit it to Mr. John Sullivan, Chief, Communications and Legislative Officer for approval *before* proceeding.

For any questions or clarifications, please feel free to contact **Mr. Eric M. Chisem, Director, Strategic Partnerships at eric.chisem@browardschools.com or 954-254-2676.**

ARF/JS/EC:mr

c: Cabinet
   Teaching & Learning Directors

Educating Today's Students to Succeed In Tomorrow's World