United States District Court
for the
Southern District of Florida

FILED BY_____D.C.

NOV 22 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

The Reverend Dr. Timothy "Chaz" Stevens,  )
Plaintiff, Pro Se                          )
                                           )
v.                                         )
                                           )  Civil Action No. 24-61926-Civ-Scola
The School Board of Broward County, Florida, )
Defendant                                  )

# PLAINTIFF'S AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, The Reverend Dr. Timothy "Chaz" Stevens, respectfully moves this Court for a Temporary Restraining Order (TRO) and Preliminary Injunction against Defendant, The School Board of Broward County, Florida, pursuant to Federal Rule of Civil Procedure 65. Immediate relief is essential to prevent ongoing violations of Plaintiff's First Amendment rights, the Establishment Clause, and Florida's Religious Freedom Restoration Act (FRFRA).

**RELIEF SOUGHT**

Plaintiff seeks an order compelling Defendant to:

1. Immediately remove all religious banners from public school properties under its jurisdiction to ensure constitutional compliance with the establishment clause which requires a neutral position/viewpoint in regard to religion.

2. Retain jurisdiction and require Defendant to submit periodic compliance reports for six months, detailing:

    a.    Any changes to or clarifications of school policies regarding banners and displays; and

    b.    Documentation of staff training on viewpoint neutrality and religious neutrality in policy enforcement.

**IRREPARABLE HARM AND URGENCY OF RELIEF**

The ongoing display of religious banners on public school property, coupled with the Defendant's denial of Plaintiff's request to display his religious banner, causes immediate and irreparable harm by violating Plaintiff's First Amendment rights and undermining governmental neutrality.

These actions marginalize Plaintiff's religious beliefs, suppress minority viewpoints, and signal to the community that certain religious perspectives are favored over others. The presence of religious banners also sends a divisive message to students and families, alienating those of minority or non-religious backgrounds.

The harm is further compounded by the timing of these actions, occurring during a highly visible school period and fostering an exclusionary environment. Without immediate judicial intervention, these constitutional violations will persist, causing harm that cannot be remedied by monetary damages or later relief.

**FACTUAL BACKGROUND**

**Defendant's Policy and Actions**

1. Defendant has permitted banners from religious organizations such as Calvary Chapel, The Pentecostals of Cooper City, and Potter's House to be displayed prominently on school properties, including Marjory Stoneman Douglas High School and West Glades

Middle School. These banners carried explicit religious messages, visible to students, staff, and visitors.









2. Broward County Public Schools Policy 6300 explicitly prohibits banners that are "sectarian or political in nature" and requires all signage to be content-neutral and aligned with educational purposes. Despite this policy, Defendant inconsistently enforced its provisions, permitting banners with overtly religious content while rejecting Plaintiff's non-sectarian request.

**Plaintiff's Request and Denial**

3. On October 2, 2023, Plaintiff requested to display a banner reading, **"Satan Loves the First Amendment,"** a central tenet of his faith. Defendant denied this request without explanation, while continuing to allow banners from other religious organizations.



4. The Church of Satanology considers public displays, such as banners, a core religious practice akin to the display of crosses or menorahs. Denying Plaintiff access to this form of expression prohibits him from fulfilling a central tenet of his faith while improperly supporting mainstream religions in violation of Broward County Public Schools Policy 6300 and the establishment clause of the United States Constitution.

**Intentional Discrimination**

5. Defendant's removal of certain religious banners only after Plaintiff's requests highlights a pattern of intentional viewpoint discrimination. This conduct reflects a deliberate and willful effort to marginalize minority religious voices rather than enforce a consistent or neutral policy (*McCreary County v. ACLU of Ky.*, 545 U.S. 844, 860 (2005)).

**LEGAL STANDARD**

To obtain a TRO, Plaintiff must demonstrate:

1. A substantial likelihood of success on the merits;

2. Irreparable harm in the absence of the requested injunction

3. That the balance of equities tips in Plaintiff's favor; and

4. That the injunction is in the public interest (*Winter v. NRDC*, 555 U.S. 7, 20 (2008)).

**ARGUMENT**

**I.   Substantial Likelihood of Success on the Merits**

A.   Viewpoint Discrimination Violates the First Amendment

Defendant's actions constitute unconstitutional viewpoint discrimination by allowing banners from Christian organizations while denying Plaintiff's request. Viewpoint discrimination in limited public forums is impermissible (*Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 828 (1995); *Police Dep't of Chicago v. Mosley*, 408 U.S. 92 (1972)).

B.   Creation of a Limited Public Forum

By permitting private religious organizations to display banners on school property, Defendant has created a limited public forum (*Christian Legal Society v. Martinez*, 561 U.S. 661 (2010)). In such forums, the government must remain viewpoint neutral and cannot suppress expression based on disagreement with the speaker's perspective (*Good News Club v. Milford Central School*, 533 U.S. 98, 106–07 (2001)).

C.   Establishment Clause Violation

The presence of banners promoting specific religious viewpoints constitutes government endorsement of religion, violating the Establishment Clause (*County of Allegheny v. ACLU*, 492 U.S. 573 (1989); *Everson v. Board of Education*, 330 U.S. 1 (1947)).

D.  Violation of FRFRA

Defendant's actions simultaneously violate the Florida Religious Freedom Restoration Act (FRFRA). By selectively denying Plaintiff the opportunity to display a banner reflecting his own religious beliefs, Defendant has imposed a substantial burden on Plaintiff's religious exercise, as public advocacy is a central tenet of his faith. The only way to cure this violation is to require Defendant to remove banners from other religious organizations so as to be neutral and treat all religions equally. Defendant cannot demonstrate that allowing it to selectively display religious banners serves a compelling governmental interest or that excluding Plaintiff's banner is the least restrictive means (*Warner v. City of Boca Raton*, 64 F. Supp. 2d 1272, 1281 (S.D. Fla. 1999)).

## II.  Balance of Equities

The balance of equities strongly favors Plaintiff. The removal of religious banners imposes minimal burden on Defendant while protecting Plaintiff's constitutional rights and promoting governmental neutrality. Conversely, permitting the Defendant to display selective banners to remain entrenches unconstitutional practices and exacerbates the harm to Plaintiff and the broader school community.

## III.  Public Interest

Protecting constitutional principles of governmental neutrality serves the public interest. As outlined above, Defendant's actions foster division and undermine public trust in the

educational system. Immediate intervention will promote inclusivity and ensure that public schools remain spaces where all viewpoints are treated equally.

**RELIEF REQUESTED**

Plaintiff respectfully requests that this Court:

1. Issue a Temporary Restraining Order directing Defendant to:

    a. **Remove all religious banners** from public school properties under its jurisdiction within five (5) days of the Court's order.

    b. Implement a **viewpoint-neutral policy** for the use of public forums on school property.

    c. Provide Plaintiff with records and documentation concerning banner approvals and removals over the past 12 months within 14 days.

2. Retain jurisdiction to monitor Defendant's compliance with the Court's order through periodic compliance reports as outlined above.

3. Grant any other relief the Court deems just and proper.

**CONCLUSION**

Defendant's actions violate the First Amendment by endorsing specific religious messages and discriminating against minority viewpoints. Immediate judicial intervention is necessary to protect constitutional rights, ensure governmental neutrality, and prevent further harm.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed: November 22, 2024                                      Respectfully submitted,

/s/ The Reverend Dr. Timothy "Chaz" Stevens

Dr. Timothy "Chaz" Stevens
Pro Se Plaintiff
980 N. Federal Highway, Suite 110
First Floor
Boca Raton, FL 33432
Telephone: (954) 901-0971
Email: chaz@zproductions.com

## Certificate of Service

I hereby certify that on November 22, 2024, I served a true and correct copy of the foregoing Plaintiff's Amended Motion For Temporary Restraining Order And Preliminary Injunction on all counsel of record via email.

/s/ The Reverend Dr. Timothy "Chaz" Stevens

Reverend Dr. Timothy "Chaz" Stevens


Robert C. Buschel
Florida Bar No. 0063436
BUSCHEL GIBBONS, P.A.
501 East Las Olas Boulevard Third Floor
Fort Lauderdale, FL 33301
Tele:   (954) 530-5748 (direct)
Email: Buschel@BGlaw-pa.com

- 9 -