United States District Court<br>
for the<br>
Southern District of Florida

| | |
|---|---|
| The Reverend Dr. Timothy "Chaz" Stevens, Plaintiff, | ) ) ) |
| v. | ) ) ) ) Civil Action No. 24-61926-Civ-Scola |
| The School Board of Broward County, Florida, Defendant. | |

### Order on the Plaintiff's Motion for Leave to File Supplemental Pleading

This cause comes before the Court upon the Plaintiff's motion for leave to file supplemental pleading. (ECF No. 30.) The Plaintiff seeks to supplement his amended complaint with additional information that he believes is relevant to his claims of viewpoint discrimination in violation of the First Amendment. Specifically, the Plaintiff requests that he be granted leave to file his supplemental pleading so that it is part of the record, and that the Court order the Defendant to provide a sworn certification affirming the completeness and accuracy of its disclosures. (ECF No. 30, at 5-6.) The Defendant opposes the relief. In the interest of judicial efficiency, the Defendant need not respond.

The Plaintiff provides no authority supporting his request that the Defendant provide a sworn certification. Evidence bearing on the Defendant's credibility can be developed during discovery, and these additional instances of alleged selective enforcement of the Defendant's official policy may be considered when the Court evaluates the Plaintiff's motion for a temporary restraining order (ECF No. 20). Therefore, the Court denies the Plaintiff's request for an order requiring the Defendant to provide a sworn certification.

The Plaintiff also relies on Fed. R. Civ. P. 15(d) for his request to supplement his complaint. Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event *that happened after the date of the pleading to be supplemented.*" (emphasis added). The Plaintiff does not allege that the occurrences he cites happened *after* he filed his complaint; rather, he merely *discovered* the occurrences after he filed his complaint. Thus, the Court finds that Rule 15(d) does not apply. The Plaintiff should note that evidence supporting one's claim is typically revealed during discovery, and that discovery does not mean that a plaintiff needs to supplement his or her pleadings.

Therefore, the Court **denies** the Plaintiff's motion for leave to file (**ECF No. 30**). The Court notes, however, that the Plaintiff may incorporate the evidence in his proposed supplemental pleading into his reply in support of his motion for temporary restraining order, which is due December 20, 2024, if he so chooses. If the Defendant believes that doing so would entitle it to file a sur-reply, it may seek leave to do so (though the Court does not make any assurances as to the outcome of said motion).

**Done and ordered** in Miami, Florida, on December 17, 2024.

Robert N. Scola, Jr.
United States District Judge