


United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Timothy "Chaz" Stevens,<br>Plaintiff, Pro Se<br>v. | ) | |
| | ) | Civil Action No. 24-61926-Civ-Scola |
| The School Board of<br>Broward County, Florida,<br>Defendant | ) | |

**PLAINTIFF'S MOTION TO SUPPLEMENT PLEADINGS PURSUANT TO RULE 15(d)**

Plaintiff, Timothy "Chaz" Stevens, pro se, respectfully moves this Court to permit supplementation of his pleadings pursuant to Federal Rule of Civil Procedure 15(d). Plaintiff seeks to introduce newly discovered evidence, including photographic and documented proof of additional banners displayed on school properties, that supports his claims of viewpoint discrimination and selective enforcement by Defendant, The School Board of Broward County. In support thereof, Plaintiff states as follows:

## I. Introduction

Plaintiff brings this motion to supplement his pleadings with newly obtained evidence of five additional banners displayed on

school properties within the Broward County School District, in addition to the three previously acknowledged by Defendant. This evidence demonstrates a systemic pattern of selective enforcement of Defendant's advertising policy, bolstering Plaintiff's claims under the First Amendment and Florida Religious Freedom Restoration Act (FRFRA).

The supplemental evidence is essential for the Court to comprehensively evaluate the claims of viewpoint discrimination and the Defendant's reactive enforcement practices, which lack consistent application of its own policies. The importance of viewpoint neutrality in public forums is well established. See *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 828–29 (1995); *Good News Club v. Milford Central School*, 533 U.S. 98, 106 (2001). Additionally, in *Kennedy v. Bremerton School District*, 597 U.S. ___, 142 S. Ct. 2407 (2022), the U.S. Supreme Court reaffirmed that government entities must not suppress religious expression in a manner that demonstrates hostility toward religion.

## II. Legal Standard

Rule 15(d) of the Federal Rules of Civil Procedure permits the supplementation of pleadings to include facts or events that occurred

after the original filing or were discovered later. Courts interpret Rule 15(d) liberally when supplementation promotes the efficient resolution of related claims without causing undue prejudice, as it allows the Court to address all pertinent facts in a single proceeding, avoiding piecemeal litigation. See *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The newly discovered evidence directly relates to the claims already before the Court, justifying supplementation under Rule 15(d). See *Rowe v. U.S.*, 569 F.3d 1158, 1163 (11th Cir. 2009). Additionally, as highlighted in *Widmar v. Vincent*, 454 U.S. 263, 269 (1981), restrictions on speech in public forums must be narrowly tailored and viewpoint neutral, a standard that Plaintiff argues Defendant has not met.

**III. Newly Discovered Evidence**

Plaintiff has identified photographic and documented evidence of five additional banners displayed on school properties, directly contradicting Defendant's repeated assertions that only three banners existed. These include:

1. Cooper City High School, 2024




Source: *Friendly Atheist article*, Hemant Mehta, "*Florida school district may revise ad policy after requests to put up 'Satanology' sign*", November 19, 2024

2. Riverglades Elementary, 2023




Source: *Google Maps*

3. Park Trails Elementary, 2022




Source: *Google Maps*

4. Peters Elementary, 2024




Source: *RedBroward.com article*, Tom Lauder, "*Broward School District To Investigate Why Campaign Signs For City Councilman Louis Reinstein Were Placed At The Entrances Of Plantation Elementary Schools*", October 22, 2024

5. Plantation Park Elementary, 2024




Source: *RedBroward.com article*, Tom Lauder, "*Broward School District To Investigate Why Campaign Signs For City Councilman Louis Reinstein Were Placed At The Entrances Of Plantation Elementary Schools*", October 22, 2024

This evidence further underscores a systemic pattern of selective enforcement and supports the argument that Defendant's policies fail the neutrality requirement under *Lemon v. Kurtzman*, 403 U.S. 602, 612–13 (1971).

## IV. Analysis of Defendant's Policy Failures

### A. Viewpoint Discrimination and Selective Enforcement

The evidence reveals a persistent failure to apply the district's advertising policy in a viewpoint-neutral manner. Defendant's allowance of banners from religious organizations such as Calvary Chapel while denying Plaintiff's requests to

display his "Satan Loves the First Amendment" banner demonstrates impermissible viewpoint discrimination in a public forum. See Widmar, 454 U.S. at 276–77; Kennedy, 142 S. Ct. at 2426 (holding that suppression of religious expression by public entities cannot stem from hostility toward religious viewpoints).

**B. Violation of Neutrality Requirement**

Under Lemon v. Kurtzman, a government's action must (1) have a secular purpose, (2) not have the primary effect of advancing or inhibiting religion, and (3) avoid excessive entanglement with religion. Defendant's inconsistent enforcement undermines the neutrality requirement and fails the Lemon test.

**C. Burden on Unconventional Religious Practices**

The Defendant's actions impose a substantial burden on Plaintiff's religious expression, a violation recognized in *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993). Public displays are integral to Plaintiff's religious advocacy and serve as a "high altar of advocacy" for minority religious voices.

## V. Relevance of the Evidence

The supplemental evidence is critical to demonstrate:

a. A systemic pattern of selective enforcement, refuting Defendant's claim that only three banners existed.

b. Defendant's inconsistent enforcement and reactive removals following litigation and public scrutiny.

c. Ongoing harm to Plaintiff's First Amendment rights, necessitating judicial oversight to ensure future compliance.

This evidence also undermines Defendant's mootness argument under the voluntary cessation doctrine. Defendant's removal of banners after litigation does not preclude judicial review unless it can demonstrate that the alleged wrongful conduct is unlikely to recur. See *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).

## VI. No Prejudice to Defendant

Allowing supplementation will not prejudice Defendant, as discovery is ongoing and has already encompassed the issues raised by the supplemental evidence. Furthermore, the supplemental evidence does not introduce new legal theories or impose additional

burdens on Defendant beyond those already contemplated during the discovery process.

**VII. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant leave to supplement his pleadings with the newly discovered evidence of five additional banners, along with a demand for judicial oversight to ensure consistent policy enforcement and prevent future violations. A proposed order is attached for the Court's consideration.

Dated: December 28, 2024
Respectfully submitted,

1/2/25

Timothy "Chaz" Stevens
Pro Se Plaintiff
980 N. Federal Highway, Suite 110
First Floor
Boca Raton, FL 33432
Telephone: (954) 901-0971
Email: chaz@zproductions.com

**Certificate of Service**

I hereby certify that on December 28, 2024, I served a true and correct copy of the foregoing Plaintiff's Motion for Supplemental

Information and Request for Additional Disclosure on all counsel of record via email.

/s/ Timothy "Chaz" Stevens
Timothy "Chaz" Stevens

Robert C. Buschel
Florida Bar No. 0063436
BUSCHEL GIBBONS, P.A.
501 East Las Olas Boulevard Third Floor
Fort Lauderdale, FL 33301
Tele: (954) 530-5748 (direct)
Email: Buschel@BGlaw-pa.com

United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Timothy "Chaz" Stevens,<br>Plaintiff, Pro Se<br>v.<br><br>The School Board of<br>Broward County, Florida,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 24-61926-Civ-Scola |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT PLEADINGS PURSUANT TO RULE 15(d)**

THIS CAUSE came before the Court on Plaintiff Timothy "Chaz" Stevens' Motion to Supplement Pleadings Pursuant to Rule 15(d). The Court, having reviewed the Motion, the supporting evidence, and being otherwise fully advised in the premises, finds as follows:

1. Federal Rule of Civil Procedure 15(d) permits the supplementation of pleadings to include facts or events that occurred after the filing of the original pleading or were discovered later. Courts have interpreted Rule 15(d) to encourage efficiency and fairness by allowing a single proceeding to address all relevant facts, even if they arise post-filing. See *Griffin v. County School Board of Prince Edward*

*County*, 377 U.S. 218, 226-27 (1964) (explaining that supplemental pleadings facilitate a comprehensive adjudication of related issues).

2. Plaintiff has identified newly discovered evidence, including photographs of banners and written documentation detailing their content, locations, and dates of display on school properties within the Broward County School District. This evidence includes banners from various religious and political organizations, which directly support Plaintiff's claims of viewpoint discrimination and selective enforcement by demonstrating a pattern of inconsistent policy application.

3. The Court finds that supplementation of the pleadings is warranted to ensure a full and fair adjudication of Plaintiff's claims under the First Amendment and Florida Religious Freedom Restoration Act (FRFRA). See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Rowe v. U.S.*, 569 F.3d 1158, 1163 (11th Cir. 2009).

4. Allowing supplementation will not prejudice Defendant, as discovery is ongoing, and Defendant has an opportunity to

address the supplemental evidence during the normal course of proceedings.

5. Plaintiff's supplemental allegations and evidence are relevant and necessary for the Court to assess claims of selective enforcement and viewpoint discrimination, as outlined in *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 828–29 (1995), and *Kennedy v. Bremerton School District*, 597 U.S. ___, 142 S. Ct. 2407, 2422–24 (2022).

Accordingly, it is ORDERED and ADJUDGED as follows:

1. Plaintiff's Motion to Supplement Pleadings Pursuant to Rule 15(d) is GRANTED.

2. Plaintiff is permitted to file the supplemental pleadings as described in the Motion.

3. Defendant shall respond to the supplemental pleadings within the time allowed under the Federal Rules of Civil Procedure.

DONE AND ORDERED in Chambers at Miami, Florida, this __ day of [Month], 2025.

Robert N. Scola, Jr.

United States District Judge