United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| The Reverend Dr. Timothy "Chaz" Stevens, Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 24-61926-Civ-Scola |
| The School Board of Broward County, Florida, Defendant. | | |

### Order on the Plaintiff's Motion for Leave to File Supplemental Pleading

This cause comes before the Court upon the Plaintiff's motions to strike the Defendant's affirmative defenses (ECF Nos. 57, 58), Plaintiff's Motion to Continue Bench Trial Date (ECF No. 59), Plaintiff's Motion to Extend Discovery Deadline (ECF No. 61), and Plaintiff's Motion to Modify Discovery Deadline (ECF No. 66).

Because the Plaintiff is amending his complaint, his motions to strike the Defendant's affirmative defenses (**ECF Nos. 57, 58**) are **denied as moot**.

The Plaintiff's motion to continue bench trial date (**ECF No. 59**) is **denied**. The Court has already extended the trial date once at the Plaintiff's request, and the Plaintiff's purported reason for a continuance—newly asserted § 1983 claims—is insufficient to warrant another continuance. As the Plaintiff himself notes, the Defendant—and therefore the Plaintiff himself—"has long been on notice regarding the key issues in this case[.]" (ECF No. 59, at 3.) This case will go to trial on April 7, 2025.

The Court **grants in part** and **denies in part** the Plaintiff's motions to modify the discovery deadlines (**ECF Nos. 61, 66**). The current deadline to complete discovery is March 3, 2025. (Second Amended Scheduling Order, ECF No. 55.) Given that the Court will proceed with trial on April 7, 2025, the Court will not extend the discovery deadlines into April. The Court, however, will modify the deadline to complete discovery to **March 10, 2025.** This gives the Plaintiff ample time to complete discovery in this case, given that the Court's first scheduling order was entered in October of 2024. That the Plaintiff waited until January 31, 2025, to first approach the Defendant about depositions does not warrant a significant modification of the discovery deadline. (Email Requesting Depositions, ECF No. 65-1.) The Plaintiff still has more than a month to complete any additional discovery, including depositions. The Court expects the Defendant to be reasonably responsive to the Plaintiff's requests.

The Plaintiff should keep in mind Fed. R. Civ. P. 30(a)(2)(A)(i), which limits each party to ten depositions without leave of Court. The Court does not anticipate the need by either party to conduct more than ten depositions in this case.

The Court understands that the Plaintiff is proceeding pro se, but he must be responsible for adhering to the Court's deadlines and for bringing his case in a timely matter.

In sum, the Court will not continue the trial date, but will extend the discovery deadline until **March 10, 2025**. The Court **denies as moot** the Plaintiff's motions to strike affirmative defenses (**ECF Nos. 57, 58**); **denies** the Plaintiff's motion to continue the trial date (**ECF No. 59**), and **grants in part** and **denies in part** the Plaintiff's motions to modify the discovery deadlines (**ECF Nos. 61, 66**).

**Done and ordered** in Miami, Florida, on February 4, 2025.

Robert N. Scola, Jr.
United States District Judge