IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61926-SCOLA

REVEREND DR. TIMOTHY "CHAZ" STEVENS

    Plaintiff,

v.

THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA

    Respondent.

_____/



FILED BY _____ D.C.
FEB 1 9 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### I. INTRODUCTION

Plaintiff, The Reverend Dr. Timothy "Chaz" Stevens, moves for a Temporary Restraining Order (TRO) and Preliminary Injunction against The School Board of Broward County, Florida to prevent the enforcement of Policy 1930, which explicitly prohibits religious banners, while historically allowing banners from Christian organizations.

Policy 1930 violates:

1.     The Free Speech Clause of the First Amendment, prohibiting viewpoint-based discrimination.

2.     The Establishment Clause of the First Amendment, barring government favoritism toward certain religious perspectives.

3.     The Equal Protection Clause of the Fourteenth Amendment, as the policy disproportionately burdens minority religious viewpoints.

4. The Florida Religious Freedom Restoration Act (FRFRA), Fla. Stat. § 761.03, by substantially burdening Plaintiff's religious exercise without a compelling interest.

A TRO is warranted as Policy 1930 continues to impose irreparable harm by suppressing Plaintiff's religious expression, and there is a strong likelihood of success on the merits.

## II. FACTUAL BACKGROUND

### A. Prior Policy 6300 and Favoritism Toward Christian Banners

Before Policy 1930, the School Board permitted Christian banners, such as those from Calvary Chapel and Potter's House, under Policy 6300. Plaintiff applied for his own religious banner, but the request was denied without justification.

### B. Policy 1930: A Pretextual Ban Enacted to Evade Litigation

After Plaintiff's legal challenge, the School Board enacted Policy 1930, banning all religious banners—a reactionary attempt to avoid legal scrutiny rather than a genuine commitment to neutrality.

- Christian banners had been allowed for years, but only after Plaintiff's request was denied did the School Board suddenly prohibit all religious sponsorships.

- This abrupt reversal suggests a calculated effort to circumvent judicial review, invoking the Voluntary Cessation Doctrine (*Friends of the Earth v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

- The Supreme Court has held that government entities cannot evade liability by ceasing unlawful practices only after litigation begins (*Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 662 (1993)).

### C. Plaintiff's Church and Religious Exercise

- Plaintiff, an ordained minister and founder of the Church of Satanology and Perpetual Soirée, asserts that public advocacy through banners is central to his religious practice.
- The IRS recognizes The Satanic Temple as a 501(c)(3) tax-exempt religious organization, entitling it to equal treatment under federal law.
- The School Board's actions substantially burden Plaintiff's religious expression, triggering FRFRA protections.

## III. LEGAL STANDARD FOR A TRO

To obtain temporary injunctive relief, Plaintiff must establish:

1. Likelihood of success on the merits;
2. Irreparable harm absent relief;
3. A balance of hardships favoring Plaintiff; and
4. Public interest supporting the injunction (*Winter v. NRDC*, 555 U.S. 7, 20 (2008)).

Each factor weighs in favor of granting relief.

## IV. ARGUMENT

### A. Plaintiff is Likely to Succeed on the Merits

1. Policy 1930 Constitutes Viewpoint Discrimination

- The First Amendment forbids government entities from favoring one religious viewpoint over another (*Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 828 (1995)).

- By previously allowing Christian banners and only banning all religious sponsorships after litigation began, the School Board engaged in unconstitutional viewpoint discrimination.

2. Policy 1930 Violates the Establishment Clause

- Under the Lemon test, a policy violates the Establishment Clause if it lacks a secular purpose, advances or inhibits religion, or fosters excessive government entanglement with religion (*Lemon v. Kurtzman*, 403 U.S. 602, 612 (1971)).

- By singling out Satanism while previously allowing Christian banners, Policy 1930 constitutes religious favoritism and unconstitutional suppression of minority faiths.

3. **POLICY 1930 VIOLATES THE EQUAL PROTECTION CLAUSE**

- Government policies that treat religious groups differently without a compelling justification violate Equal Protection (*Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993)).

- Policy 1930 disproportionately impacts minority religions, subjecting Plaintiff to discriminatory treatment.

4. **Policy 1930 Violates FRFRA**

- Under Fla. Stat. § 761.03, a government policy cannot substantially burden religious exercise unless it is narrowly tailored to a compelling interest.

- There is no compelling justification for banning Plaintiff's religious banner while having previously allowed others.

B. **Plaintiff Faces Immediate and Irreparable Harm**

- First Amendment violations inherently constitute irreparable harm (*Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

- Policy 1930's negative association of Satanism with vice industries fosters reputational harm and chilling effects on speech.

C. **The Balance of Hardships and Public Interest Favor Plaintiff**

- The School Board suffers no harm from maintaining religious neutrality.

- Public interest is served when all viewpoints are treated equally (*Capitol Square Review & Advisory Bd. v. Pinette*, 515 U.S. 753, 760 (1995)).

V. **CONCLUSION**

For these reasons, Plaintiff requests this Court issue a TRO and preliminary injunction prohibiting enforcement of Policy 1930.

Dated: February 13, 2025

Respectfully submitted,

5

*/s/* 2/12/25

Reverend Dr. Timothy "Chaz" Stevens
Pro Se Plaintiff
980 N. Federal Highway, Suite 110
First Floor
Boca Raton, FL 33432
Telephone: (954) 901-0971
Email: chaz@zproductions.com

**CERTIFICATE OF CONFERRAL**

I hereby certify that prior to filing this motion, I discussed the relief requested in this motion by email on February 12, 2025 with the opposing party and the opposing party OBJECTS on the resolution of this motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2025, I served a true and correct copy of the foregoing Motion to Admit Electronic Equipment into the Courtroom on all counsel of record via the Court's CM/ECF system.

/s/ Reverend Dr. Timothy "Chaz" Stevens
Reverend Dr. Timothy "Chaz" Stevens

Robert C. Buschel
Florida Bar No. 0063436
BUSCHEL GIBBONS, P.A.
501 East Las Olas Boulevard Third Floor
Fort Lauderdale, FL 33301
Tele: (954) 530-5748 (direct)

6

DR. T. CHAZ STEVENS, REV.
1425 SE 14TH AVENUE
DEERFIELD BEACH FL 33441

WEST PALM BCH FL 334
13 FEB 2025 PM 1 L




US DISTRICT COURT CLERK
299 E BROWARD BLVD STE 108, FORT LAUDERDALE, FL 33301
STE 108
FORT LAUDERDALE FL 33301

33301-197799