IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61926-SCOLA

THE REVEREND DR. TIMOTHY "CHAZ"
STEVENS

    Plaintiff,
v.

THE SCHOOL BOARD OF BROWARD COUNTY,
FLORIDA

    Defendant.
_____/

(Corrected)
### DEFENDANT SCHOOL BOARD OF BROWARD COUNTY, FLORIDA'S MOTION FOR SUMMARY JUDGMENT

Defendant, SCHOOL BOARD OF BROWARD COUNTY, FLORIDA, files a Motion for Summary Judgment as to Counts I and III of the Second Amended Complaint [ECF No. 70], pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, and states:

**I.    Factual Background**

Plaintiff filed a Second Amended Complaint [ECF No. 70] alleging viewpoint discrimination (count I), Establishment Clause violation (count II), and violation of Florida's Religious Freedom Restoration Act, Fla. Stat. § 761.03 (count III). In his filing, Plaintiff stated a cause of action for viewpoint discrimination, "Against all Defendants in their individual and official capacities." [ECF No. 70 at 5]. He does not refer to the School Board by name; he specifically names Defendants Kefford and Bianchi." *Id.* The School Board is a named defendant *only in Count III* of the operative complaint. However, because Plaintiff is *pro se*, and due to an

April 7, 2025, trial date, the School Board addresses Count I on the merits and moves for summary judgment as to both Counts I and III.[1]

Regarding the facts of this case and for purposes of brevity, Defendant School Board relies on its Statement of Material Facts. [ECF No. 90].

## II.  The Legal Standard

Under Fed. R. Civ. P. 56(a), entry of a summary judgment is proper when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Electric Industrial Co. v. Zenith Ratio Corp.*, 475 U.S. 574 (1986).

> An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004). "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

*Philadelphia Indemnity Insurance Co. v. Florida Memorial University*, 307 F.Supp.3d 1343, 1346 (S.D. Fla. Apr. 6, 2018).

---

[1] The Court permitted Plaintiff to file his second amended complaint without submitting a proposed filing first. [ECF No. 62].

"Where the evidence is circumstantial, a court may grant summary judgment when it concludes that no reasonable jury may infer from the assumed facts the conclusion upon which the non-movant's claim rests. . . Mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Green v. Hooks*, 798 Fed.Appx. 411, 419-20 (11th Cir. 2020) (internal citations omitted).

## ARGUMENT

This is Plaintiff's third bite of the apple. The evidence – pleadings, answers to interrogatories, admissions on file, Plaintiff's exhibits – establish the absence of a genuine issue of material fact, and the School Board is entitled to summary judgment as a matter of law.

### I. This Court cannot reasonably find viewpoint discrimination. (Count I)

Count I – viewpoint discrimination, is based on the mistaken belief that by allowing banners on school property, schools are creating limited public forums. Not so. School banners are "government speech." *Mech v. School Bd. Of Palm Beach County, FL*, 806 F.3d 1070, 1071 (11th Cir. 2015) (applying Florida law).

This case is *Mech*. Mech was a math tutor permitted to hang banners on school fences advertising his tutoring services. He sued the Palm Beach County School Board for a myriad constitutional violations after his banners were removed. The schools removed his banners when they discovered that Mech was involved in pornographic films. *Mech* noted that the First Amendment "restricts government regulation of private speech; it does not regulate government speech." *Id*. at 1074.

*Mech* analyzed three factors that separated government from private speech: history, endorsement, and control (*id.* at 1075 (citing *Walker v. Texas Division, Sons of Confederate Veterans, Inc.*, --- U.S. ----, 135 S.Ct. 2239, 192 L.Ed.2d 274 (2015)), and determined that even

3

without historical records, school "banners exhibit strong indicia of government endorsement and control" and were therefore, government speech. *Id*.

The School Board of Broward County has adopted the sum and substance of the Palm Beach County School Board's policy governing banners. Exhibit – 2 [ECF No. 91-2] (Decl. Sullivan). The policy regulates the text, color size, and largely the content of the speech on banners. Here, like in *Mech*, school banners are government speech; they do not create limited public forums. It is axiomatic that the First Amendment does not regulate government speech. *Id*. at 1074. Instead, when a government entity speaks, "it can freely select the views that it wants to express." *Id*. (internal citations omitted).

Without private speech there can be no First Amendment violations. Plaintiff cannot prevail on Count I. The School Board's Motion for Summary Judgment should be granted as a matter of law.

## II.     FRFRA is not implicated here (Count III).

The Florida Religious Freedom Restoration Act ("FRFRA"), Fla. Stat. § 761.03, which protects "a *person's*" exercise of religion, is not implicated here. §761.03, Fla. Stat. (emphasis supplied). The Plaintiff failed to "establish that the government has placed a substantial burden on a practice motivated by a sincere religious belief." *Warner v. City of Boca Raton*, 887 So.2d 1023, 1032 (Fla. 2004). In the Second Amended Complaint, Plaintiff fails to establish that his "belief in question is religious in nature, is sincerely held, and that the government action actually infringes upon the free exercise" of his belief. *Id*. *See* SMF ¶¶ 1-12.

Moreover, the operative complaint is devoid of factual allegations establishing a substantial burden. "Substantial burden" is defined "as one that either compels the religious adherent to engage in conduct that his religion forbids (such as eating pork, for a Muslim …) or forbids him

4

to engage in conduct that his religion requires (such as prayer). *Id*. at 1033. This narrow definition requires courts to determine whether "a particular religious practice is obligatory or forbidden." *Warner*, 887 So. 2d at 1033. *See also Cambridge Christian School, Inc. v. Florida High School Athletic Ass'n, Inc.*, 942 F.3d 1215, 1251 (11th Cir. 2019) (affirming motion to dismiss when plaintiff failed to plead a substantial burden under FRFRA by failing to allege Defendant "*forbade* it from engaging in conduct that its religion mandated") (emphasis in original).

The Second Amended Complaint sets forth one sentence upon which it asks this Court to make its determination:

> 19. Defendants' actions resulted in the exclusion of Plaintiff's religious message while permitting religious messages from other viewpoints. *Plaintiff's religious beliefs include public advocacy for First Amendment principles, and Defendants' denial of his banner request prevented him from fulfilling this practice in a public forum*.

2d. Am. Compl. ¶19 (emphasis added).

Plaintiff did not meet his burden under the FRFRA. Count III fails as a matter of law. Summary judgment should be granted in favor of the School Board.

### III. Plaintiff's claim in now moot after the passage of Policy 1930.

Additionally, Count III fails for mootness. The Plaintiff seeks declaratory and injunctive relief and damages. The Florida Religious Freedom Restoration Act does not create an action for damages. *Fiedor v. Florida Dept of Financial Svcs*, 440 F.Supp.3d 1303, 1310 (N.D. Fla. Feb. 24, 2020); Fla. Stat. §761.05. *See also Warren v. DeSantis*, 125 F.4th 1361, 1364 (11th Cir. 2025).

Injunctive relief is the only remedy available to a plaintiff, and here, the School Board of Broward County has reaffirmed and reinforced its policies prohibiting banners with religious content. The Defendant has in place an updated policy that bans all religious and political signage with added oversight to ensure compliance.

The School Board has voluntarily reinforced the policies the Plaintiff seeks to enjoin. "To support federal jurisdiction, a claim must present a live case or controversy not only when filed but at every state of the proceeding. A change in circumstances may render a case moot." *Fiedor*, 440 F.Supp.3d at 1314 (citing *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328-29 (11th Cir. 2004)). Government actors are afforded a "rebuttable presumption that the objectionable behavior will *not* recur." *Id.* (internal citations omitted) (emphasis in original).

"A government actor's voluntary abandonment of a challenged policy renders the challenge moot unless there is a substantial likelihood that the offending policy will be reinstated if the suit is terminated." *Fiedor*, 440 F.Supp.3d at 1315 (citing *Atheists of Fla., Inc. v. City of Lakeland*, 713 F.3d 577 (11th Cir. 2013)). Here, the Defendant's updated policy is unambiguous and unequivocal. Count III, and the case against the School Board, is moot.

### IV. Plaintiff cannot sufficiently sustain a claim for emotional damages.

Plaintiff also alleges he is entitled to "compensatory damages for [ ] emotional distress, mental anguish, physical harm." (ECF No. 70 at 7). In addition to the issue that the FRFRA does not provide for damages, (*supra* at 5), Plaintiff failed to produce any medical records to evaluate this claim. *See* [ECF No. 91-4]. This Court has written about a Plaintiff's obligation to support emotional distress claims.

"Florida courts use a very high standard in evaluating whether the facts alleged are sufficiently outrageous to support a claim for intentional infliction of emotional distress." *Foreman v. City of Port St. Lucie*, 294 F. App'x 554, 557 (11th Cir. 2008). "This Court, among others, has recognized that the issue of whether allegations rise to the required level of outrageous conduct is a question of law, not fact, and is determined by the Court." *Brown v. Bellinger*, No. 18-20481-CIV, 2019 WL 8892623, at *4 (S.D. Fla. Jan. 2, 2019) (Scola, J.,) (citing *Tarpley v. Miami-Dade*

*Cty., Fla.*, No. 15-20997, 2015 WL 1355498, at *3 (S.D. Fla. Oct. 13, 2015) (Scola, J.)); *Nias v. City of Florida*, No. 07-22727, 2008 WL 2332003, at *6 (S.D. Fla. June 4, 2008) (Moreno, J.)).

Under Florida law, to bring an intentional infliction of emotional distress claim, a plaintiff must show: 1) tortfeasor's conduct was intentional or reckless and intended or knew or should have known would likely cause emotional distress; 2) the conduct was outrageous; 3) the conduct caused emotional distress; and, 4) the emotional distress was severe. *Deauville Hotel Mgmt., LLC v. Ward*, 219 So. 3d 949, 954–55 (Fla. 3d DCA 2017) (citations omitted).

As to *element one*, the conduct by the School Board was lawful. The Board should not have permitted Plaintiff's banners to be posted because it violated the policies then and now. If indeed, "Satan is here for the pick sixes," is related to gambling, then independently it would not be permitted. *See* [ECF No. 91-3]. It was not reckless or intended to cause emotional distress.

As to the *second element*, Plaintiff cannot prove that the conduct was outrageous. Plaintiff claims that it is the permission given to some others and the denial of his banners that caused the emotional distress. This is insufficient. The court's inquiry must be whether the act of denial of Plaintiff's application was an outrageous action. If not, then Plaintiff failed to plead and prove the claim. Legal conduct by the School Board cannot be outrageous. *See Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 279 (Fla. 1985) (citing Restatement (Second) of Torts § 46 (1965)). The lawfulness itself determines what can be considered "outrageous." *Id.*

As to *element three,* Plaintiff has offered no evidence that the denial of banner requests caused his emotional distress. Plaintiff claims to have suffered emotional distress and has several medical issues relating to his heart due to anxiety and stress. [ECF No. 91-4]. This makes the issue of causality nearly impossible to prove. *Finally,* this is what Plaintiff does. SMF ¶ 13. He runs for political office. [ECF No. 65]. He files lawsuits to instigate change in government policy. [ECF

No 18-1]. He cannot run on the political football field and then complain he was tackled. A member of Satanology is tougher than that.

### V. The Second Amended Complaint probably divested this Court of subject matter jurisdiction.

In his second amended complaint, Plaintiff voluntarily dismissed all federal claims against the School Board. Count III is a state law claim. The Second Amended Complaint, having alleged just the violation of the Florida Religious Freedom Restoration Act against the School Board, divested the Court of its supplemental jurisdiction. *See generally*, *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1242 (11th Cir. 2007) (voluntary withdrawal of allegations in an amended complaint which had formed the basis of federal jurisdiction defeats jurisdiction).

Should the Court agree, it may be appropriate to convert this Motion for Summary Judgment into a Motion to Dismiss, for lack of subject matter jurisdiction. *See id.*

### CONCLUSION

The Plaintiff has failed to present any evidence, and the Second Amended Complaint has failed to put forth any allegations, that defeat the conclusion that the School Board is entitled to judgment as a matter of law.

Respectfully Submitted,

| | |
|---|---|
| **TARA A. CAMPION**<br>FL. Bar No.: 90944<br>**BRUCE S. ROGOW, P.A.**<br>1199 S. Federal Hwy., #212<br>Boca Raton, FL 33432<br>PH: 954.767.8909<br>tcampion@rogowlaw.com<br><br>**By: //s Tara Campion** | BUSCHEL GIBBONS, P.A.<br>501 East Las Olas Blvd, Third Floor<br>Ft. Lauderdale, Florida 33301<br>Tel: (954) 530-5748 (direct)<br>Buschel@BGlaw-pa.com<br>Attorneys for School Board<br><br>B**y: //s Robert C. Buschel**_____<br>Robert C. Buschel<br>Florida Bar No. 0063436 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I, therefore, certify that the foregoing document is being served this day on all counsel of record via transmission of a Notice of Electronic Filing (or "NEF") generated by CM/ECF. I further certify that I have served this document on all parties who are not authorized to use CM/ECF or otherwise lack access by an authorized method, such as email or certified mail.

                                                  By**: //s Robert C. Buschel**
                                                       Robert C. Buschel
                                                       Florida Bar No. 0063436