United States District Court
for the
Southern District of Florida

| | |
|---|---|
| The Reverend Dr. Timothy "Chaz" Stevens, Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 24-61926-Civ-Scola |
| The School Board of Broward County, Florida, Defendant. | )<br>)<br>) |

### Order on Motion to Strike

This matter is before the Court on the Plaintiff's motion to strike the Defendant's affirmative defenses. (Pl.'s Mot., ECF No. 78.) For the reasons set forth below, the Court **denies** the Plaintiff's motion **(ECF No. 78)**.

Affirmative defenses are not held to the same pleading standard as claims for relief. *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716, 2013 WL 1788503, at *3 (S.D. Fla. Apr. 26, 2013) (Rosenbaum, J.) (noting the differences between the language of Rule 8(a) (governing claims for relief) and Rule 8(c) (governing affirmative defenses)). The *Twombly/Iqbal* jurisprudence does not govern affirmative defenses. *Id.* at 2–3. An affirmative defense is sufficient so long as it provides the opposing party with notice of an additional issue (not directly related to liability) that may be raised at trial so that the opposing party can litigate the new issue. *Cf. Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1999). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005) (Ryskamp, J.) Despite this discretion, "[a] motion to strike is a drastic remedy, which is disfavored by the courts and will be usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *JazAtlanta 519 LLC v. Beazley Underwriting, Ltd.*, 2018 WL 4743634, *1 (S.D. Fla. Oct. 2, 2018) (Bloom, J.) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla*, 306 F.2d 862, 868 (5th Cir. 1962)).

The Plaintiff seeks to strike the Defendants' first, second, third, fourth, fifth, sixth, seventh, and tenth affirmative defenses. (*See generally* Pl.'s Mot.) The Defendant's first affirmative defense is that "Plaintiff failed to state a claim upon which relief can be granted." (ECF No. 56, Def.'s Answer and Affirmative Defenses, at 3.) The Plaintiff contends that the "Defendant does not explain why Plaintiff's claims fail." (Pl.'s Mot., at 2.) However, given that striking an

affirmative defense is a drastic and disfavored remedy, *see JazAtlanta*, 2018 WL 4743634, at *1 (citation omitted), the "Court finds that this affirmative defense should be treated as 'a denial' instead of an affirmative defense, and will forgo striking it at this time." *FAST SRL v. Direct Connection Travel, LLC*, 330 F.R.D. 315, 319 (S.D. Fla. 2018) (Martinez, J.) (citations omitted).

As to the remainder of the Defendant's at-issue affirmative defenses, the Plaintiff's arguments go to the merits of the defenses themselves, rather than the legal sufficiency of their pleading. (*See generally* Pl.'s Mot. 2-4.) That is not a basis to strike an affirmative defense. *See generally Ramindesign, LLC v. Skarzynski*, CASE NO. 23-CV-24838-LENARD/Elfenbein, 2025 WL 271652, at *11 (S.D. Fla. Jan. 23, 2025) (Elfenbein, Mag. J.) ("[I]t is not appropriate for the Court to consider the merits of any affirmative defense on a motion to strike because the Court accepts all well-pled facts as true and only evaluates the legal sufficiency of an affirmative defense." (cleaned up)).

Therefore, the Court **denies** the Plaintiff's motion to strike the Defendant's affirmative defenses (**ECF No. 78**).

**Done and ordered**, in Miami, Florida, on March 14, 2025.

_____
Robert N. Scola, Jr.
United States District Judge